On Application for Rehearing.
 

 PER CURIAM.
 

 In the plaintiff’s petition for a rehearing our attention is directed to the statement in the original opinion which we rendered on June 16, 1947, that the plaintiff pleaded the prescription of 10 and 30 years acquirendi causa. We find that there was no such special plea in the case. Our mistake in that respect was due to the fact that in a supplemental petition the plaintiff made all of the necessary allegations with regard to possession, to sustain such a plea. However, inasmuch as we held that such a plea could not be maintained, the finding now that there was no such plea does not change the result.
 

 The purpose of the plaintiff’s allegations, with regard to possession of the land, was to support her plea that the defendant in an action of this kind could not question the plaintiff’s title. Our decree in the case was founded, primarily and ultimately, upon our finding that the land in dispute, approximately 57 acres, was a part of Lots 4 and 9 of Section 1, and was therefore included in the description in the deed by which the plaintiff sold the standing timber to the defendant. That fact, as we pointed out, was shown by the map
 
 *29
 
 attached to the abstract of title which the plaintiff furnished to the defendant during the negotiations for the sale of the timber —which map was a copy of the government map of Section 1, made in 1885. The doctrine which the plaintiff invokes, that the defendant in a possessory action cannot question the title of the plaintiff, has no application to a case where the defendant holds title by deed directly from the plaintiff and where the only question in the case is whether the description in the deed includes the land in dispute. Besides, this suit is not a possessory action in any sense.
 

 The plea which the defendant made in. this case that if the 57 acres of land in dispute was not included in Lots 4 and 9 of Section 1 the plaintiff’s son had no title to the 57 acres, and hence no right of action, was merely an alternative plea, made' for the purpose of demonstrating that the-description of the land as being Lots 4 and 9 of Section 1, necessarily included the land in dispute, extending to the Sabine River.